UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WEBBER,

        Plaintiff,

v.                                                                                           CASE NO. 2:06-13071
                                                                                                  HON. NANCY G. EDMUNDS

ASSISTANT DEPUTY WARDEN RICUMSTRICT,
TOM BIRKETT, ASSISTANT DEPUTY
WARDEN WALKER, SARA BEARS,
RESIDENT UNIT MANAGER KING, JUDY ROTH,
INSPECTOR LOCKWOOD, and B. ALEXANDER,

        Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Daniel Webber has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a state prisoner at Standish Maximum Correctional Facility in Standish, Michigan. His complaint alleges that state correctional officials reneged on a promise to give him a televison for "snitching" on other prisoners. Plaintiff claims that, as a result of staff corruption (using prisoners to "snitch" on other prisoners), he was assaulted, raped, and robbed on April 17, 2006. He claims that his left eye was seriously injured in the incident and that surgery was necessary on the eye.

Attachments to the complaint allege that, on May 30, 2006, Plaintiff was riding in a state vehicle with a correctional officer. According to Plaintiff, the officer repeatedly slammed on the brakes so that Plaintiff would hit his head on the window. Plaintiff complains that he suffered whiplash from the incident and that, when he returned to his cell, the same officer and another

officer jumped on his chest, neck, and back.  He claims that he was left in his cell without medical treatment and that the assault was retaliation for his previous complaints against staff.

Plaintiff applied for leave to proceed without prepayment of the fees and costs for this action.  *See* 28 U.S.C. § 1915(a) and (b).  On July 20, 2006, the Court ordered Plaintiff to prepay the full filing fee of $350.00 within twenty-one days because three of his previous complaints were dismissed as frivolous or for failure to state a claim.  *See* 28 U.S.C. § 1915(g).  The Court warned Plaintiff that failure to comply with the order could result in the dismissal of this action.

To date, Plaintiff has not paid the filing fee.  However, he has filed a letter, which is dated July 24, 2006, and was filed on August 2, 2006.  The letter repeats allegations made in the complaint and also states that the Court is overlooking evidence of corruption by employees of the Michigan Department of Corrections.  In addition, the letter appears to allege that Plaintiff continues to be in danger.

## II.  Discussion

The Court has construed Plaintiff's letter as a motion to reconsider the order denying him leave to proceed without prepayment of the filing fee.  The order denying leave to proceed *in forma pauperis* was based on 28 U.S.C. § 1915(g).  Section 1915(g) prohibits prisoners from bringing a civil action without prepayment of fees and costs if, on three or more prior occasions, any federal court dismissed the prisoner's complaint as frivolous, malicious, or for failure to state a claim on which relief may be granted.  Section 1915(g) provides an exception for prisoners who are "under imminent danger of serious physical injury."

Plaintiff does not contest the fact that three of his prior complaints were dismissed as

frivolous or for failure to state a claim. As noted above, he does allege that he was seriously assaulted on April 17, 2006, as a result of "snitching" and that he suffered whiplash and a physical assault by correctional officers on May 30, 2006.

The "imminent danger" mentioned in § 1915(g) must exist at the time the complaint is filed. *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Stated differently, an indigent "prisoner is not permitted to file his complaint unless he is, at that time, under imminent danger." *Abdul-Akbar*, 239 F.3d at 314. Allegations that the prisoner faced danger in the past are insufficient to allow the prisoner to proceed on the installment plan. *See id.* at 311; *accord Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley*, 147 F.3d at 717.

Plaintiff's complaint is dated June 30, 2006, and it refers to incidents that occurred on April 17, 2006, and May 30, 2006. Neither the complaint, nor Plaintiff's letter, demonstrate that Plaintiff was under imminent danger as of June 30, 2006, when Plaintiff filed his complaint. Plaintiff's letter does say that Plaintiff is currently injured and is confined in the same prison as his assailants, whose "home boys" are housed in cells near Plaintiff. However, Plaintiff has not made any specific allegations of ongoing physical threats or attacks from his assailants or their "home boys." In fact, an attachment to the complaint alleges that Plaintiff's assailants were transferred to a lower security level.

### III.  Conclusion

This case does not fall within the "imminent danger" exception to § 1915(g). Therefore, Plaintiff has failed to demonstrate a "palpable defect" by which the Court has been misled. Local Rule 7.1(g)(3) (E.D. Mich. Sept. 8, 1998). Plaintiff's request for reconsideration [Doc. 4, Aug. 2, 2006] is DENIED, and his civil rights complaint [Doc. 1, July 6, 2006] is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 14, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 14, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager